IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHIRLEY MARTINEZ,

       **Plaintiff,**

       **vs.**                                                  Civ. No. 20-1024 JFR

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**
**Administration,**

       **Defendant.**

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND**
**GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**
**PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT[1]**

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support ("Motion"), filed August 29, 2022. Doc. 39. Defendant filed Objections ("Objections") to the Plaintiff's Motion on September 12, 2022. Doc. 42. Plaintiff filed a Reply on September 16, 2022. Doc. 43. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that Defendant's Objections are not well taken and will overrule them, and that Plaintiff's Motion is well taken and is **GRANTED**.

In her Motion, Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8,171.00.[2] The EAJA provides that a

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to Magistrate Judge John F. Robbenhaar to conduct any or all proceedings, and to enter an order of judgment, in this case. Docs. 34, 35, 36.

[2] Plaintiff's counsel avers this amount represents 33.8 hours of attorney time at various hourly rates depending on the year billed and 8.1 hours of paralegal time. Docs. 39 at 2, 39-1. The Commissioner does not contest the reasonableness of the hours billed or the requested hourly rates. Plaintiff also seeks an additional $531.30 for additional time spent replying to Defendant's objections. Doc. 43 at 3.

fee award is required if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here the dispute is whether the Commissioner's position was substantially justified.

The government's "position," in this context, refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding that government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation). "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (quotation marks omitted). The Commissioner bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.3d 966, 967 (10th Cir. 1987).

The test for substantial justification is one of reasonableness in law and fact. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988). The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 565.) Moreover, a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

In deciding an EAJA fee motion, the Court must treat the case "as an inclusive whole, rather than as atomized line-items." *See Hackett*, 475 F.3d at 1173, n. 1. However, the Court

should "focus on issues a party has prevailed on in the district court." *Evans v. Colvin*, 640 F. App'x 731, 734 (10th Cir. 2016).  "[T]he fact that the Commissioner prevailed in the district court on most issues" will not result in a finding of substantial justification where the Commissioner nevertheless "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174 n. 1.

Plaintiff Shirley Martinez ("Ms. Martinez") raised two errors for judicial review of the Commissioner's final decision denying her disability application.[3]  Following a meticulous review of the entire record, the Court remanded Ms. Martinez's action to the Social Security Administration, finding that the ALJ failed to resolve the apparent conflict between the Dictionary of Occupational Titles ("DOT") and the testimony of the impartial vocational expert ("VE") regarding the reasoning level requirement of the job the VE testified a hypothetical individual with Plaintiff's residual functional capacity ("RFC") could perform.[4]  Doc. 37 at 8-15.

In her Objections, the Commissioner states as follows:

> While not trying to relitigate the underlying decision, the Commissioner now submits that the agency's position was substantially justified.  More specifically, the Commissioner relied on several decision[s] – both from the Tenth Circuit and this jurisdiction – which supported the reasonableness of the ALJ's reliance on the vocational expert's testimony without further questioning.  As noted in the Commissioner's brief, the Tenth Circuit has indicated that an RFC for "simple and routine work tasks" appeared consistent with a GED reasoning level of two.  ECF No. 30 at 7 (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008)).  The Commissioner also cited

---

[3] (1) The ALJ failed to properly weigh medical opinion evidence concerning Ms. Martinez's mental impairments; and (2) the ALJ failed to reconcile an inconsistency between the RFC, the VE's testimony, and the information supplied by the DOT.  Doc. 19 at 1, 13-14.

[4] The ALJ assessed that Ms. Martinez was limited to, *inter alia*, "unskilled work that is simple, routine, and repetitive. She can deal with occasional changes to the work setting and occasional work-related decision-making." Doc. 21 at 15-16.  The ALJ determined, based on the VE's testimony, that Plaintiff could work as an "Office Helper," and that this occupation by itself provided a significant number of jobs in the national economy.  Doc. 21 at 23.  The DOT states that the occupation of office helper requires Level 2 Reasoning, which requires the employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." 1991 WL 672232.

>to three cases from this jurisdiction that likewise indicated that an RFC comparable to the one at issue in this case did not present a potential conflict requiring additional questioning by the ALJ.  ECF No. 30 at 7 (citing *Parrish v. Berryhill*, No. 16-cv-00453-LAM, 2017 WL 2491526, at *8-9 (D.N.M. Apr. 12, 2017) (GED reasoning level two consistent with "simple work"); *Begaye v. Berryhill*, No. 16-cv-0281-SMV, 2017 WL 3822078, at *7 (D.N.M. Aug. 29, 2017) (no conflict between GED reasoning level two jobs and RFC for "simple, routine, and repetitive work tasks"); *Sorge v. Berryhill*, No. 16-cv-64-GJF, 2017 WL 3822077, at *12-13 (D.N.M. Aug. 30, 2017) (no conflict between GED reasoning level two and simple instructions)).
>
>While this Court took a different view of the Tenth Circuit case law, and relied on other decisions from distract courts within the Tenth Circuit, the Commissioner contends that her reading of the case law was reasonable, particularly as other courts within this jurisdiction appear to have reached conclusions consistent with the Commissioner's argument.  *See Underwood*, 487 U.S. at 565, 566 n.2.

Doc. 42 at 2-3.  Based on the foregoing, the Commissioner requests that the Court deny Plaintiff's motion for attorney fees under the EAJA because the Commissioner's position was substantially justified.  *Id.*

Plaintiff asserts that the case law relied upon by the Commissioner predates case law relied upon by Plaintiff and cited by the Court in its Memorandum Opinion and Order.  Doc. 43 at 1.  Plaintiff asserts that the Commissioner's argument seeks a bright line rule that "simple, routine, repetitive work" is always consistent with reasoning level-2 jobs, which she argues is not supported by case law.  *Id.*  Plaintiff further asserts that the Commissioner fails to address this issue and continues to press her argument that no conflict exists.  *Id.* at 2.  Plaintiff contends that the law is clear that an ALJ must resolve any potential conflict between a VE's testimony and the DOT, and that *Hackett* does not establish a bright line rule regarding whether or not there is a conflict, but does establish that the VE must identify conflicts between the DOT and their testimony and resolve them.[5]  *Id.*  Here, Plaintiff contends, that did not happen.  *Id.*

---

[5] In *Hackett,* 395 F.3d 1168 (10th Cir. 2005), the Tenth Circuit agreed with the claimant that there was an apparent conflict between a claimant's inability to perform more than simple and repetitive tasks and the level three reasoning

As noted above, the Commissioner bears the burden of proving that his position was substantially justified. *Hackett*, 475 F.3d at 1172. In her attempt to do so, the Commissioner re-cites from her briefing three comparable cases from this district wherein she argues the courts determined that there was no apparent conflict to resolve in the face of "simple work" and level 2 reasoning jobs. A closer look at those cases, however, finds they do not squarely address the issue presented here and are distinguishable from the facts such that they are not comparable as the Commissioner asserts. For example, in *Parrish*, the ALJ limited plaintiff to "simple instructions" and "simple tasks." 2017 WL 2491526, at *8-9. On that basis and relying on *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. Oct. 3, 2016) (unpublished),[6] the *Parrish* plaintiff sought a bright line ruling that reasoning level-2 jobs were inconsistent with a restriction to simple work – an argument the court rejected. 2017 WL 2491526, at *8-9. Similarly in *Begaye*, the ALJ limited plaintiff to "simple, unskilled work." 2017 WL 3822078, at *7. There, plaintiff argued this limitation necessarily made her incapable of performing work with a reasoning level of 2 or higher – an argument the court rejected. *Id.* Lastly, in *Sorge*, plaintiff argued that the ALJ engaged in picking and choosing by omitting certain moderate limitations identified by the

---

required by the jobs identified. *Id.* at 1176. The Tenth Circuit determined that level-2 reasoning jobs appeared to be more consistent with the ability to do simple and routine work tasks. *Id.*

[6] In *Paulek*, the issue was whether the claimant's limitation to understanding, remembering, and carrying out simple *instructions* rendered him unable to perform reasoning level three jobs. *Paulek*, 662 F. App'x at 594. The Court described the one, two and three reasoning levels as defined by the DOT, and acknowledged its holding in *Hackett* that a limitation to "simple and routine work *tasks* . . . seems inconsistent with the demands of level-three reasoning." *Id.* (quoting *Hackett,* 395 F.3d at 1176) (emphasis added)). The Court went on to say

> [w]hile we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions, *the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning.*

*Id.* (quoting *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)) (emphasis added). The Tenth Circuit held there was an apparent conflict between the VE's testimony and the DOT, and remanded so that the Commissioner could "elicit a reasonable explanation as how [claimant could] perform two level-three-reasoning jobs with a limitation to carrying out simple instructions[.]" *Id.*

5

nonexamining consultative psychologist. 2017 WL 3822077, at *10-11. As an "addendum to this claim," plaintiff contended that ALJ's RFC which included, *inter alia*, a limitation to "simple instructions" and "jobs involving work primarily with things and not people" precluded reasoning level-2 jobs. *Id.* at *12. The court disagreed and explained "[i]n this case, the limitation to "simple instructions" and "commensurate work related decisions" is nearly identical to the limitation in *Hackett*. Applying the principles in *Hackett* to the similar circumstances of this case, the Court finds no basis to sustain [p]laintiff's allegation of error." *Id.*

In each of the cases cited above, the RFC involved a limitation to "simple instructions," "simple tasks," "simple, unskilled work," and "commensurate work related decisions." The claimants in these cases were also in search of a bright line rule that a limitation to unskilled work foreclosed level 2 reasoning jobs. That is not the case here. Here, while the ALJ indisputably limited Ms. Martinez to "simple, routine, and repetitive" work, she further restricted Ms. Martinez's ability to do work-related mental activities by adding that she was limited to only "*occasional* work-related decision making." Doc. 21 at 15-16. As such, the ALJ's RFC at issue here is more restrictive than those in the cases relied upon by the Commissioner and reflects a limitation of less than unskilled work. *See Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (citing SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996) (explaining that unskilled work generally requires the following: (1) "[u]nderstanding, remembering, and carrying out simple instructions"; (2) "[m]aking judgments that are commensurate with the functions of unskilled work – *i.e., simple work-related decisions*"; (3) "[r]esponding appropriately to supervision, co-workers and usual work situations"; and (4) [d]ealing with changes in a routine work setting") (emphasis added); *see also* POMS DI 25020.010.B.2.b and B.3.h - *Mental Abilities Critical for Performing Unskilled Work* (explaining that the ability to make simple work-related decisions is

critical for performing unskilled work). Additionally, Ms. Martinez was not seeking a bright line rule. Instead, she was seeking an explanation in the face of this apparent conflict as the case law and regulations require.[7] Given these distinctions, the Commissioner's argument that comparable case law supports her position necessarily fails.

---

[7] The Tenth Circuit has held that "before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ *must* ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999) (emphasis added). *Haddock* further explains that "reasonable explanation[s]" would include the job the VE testifies about not being included in the DOT, as the Dictionary is self-avowedly not comprehensive; or that there is a specified percentage of a given job performed at a different or lower RFC, as the DOT describes maximum job requirements; or the VE may have knowledge of how the job is performed in a particular setting. 196 F.3d at 1091-92; *see also* SSR 00-4p, 2000 WL 1898704, at *2 (describing reasonable explanations for conflicts in occupational information). Although an ALJ may not "unreservedly accept" a VE's testimony when it contradicts the DOT, a reasonable explanation includes the VE testifying from his or her professional experience. *Id.* at 1091; *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009).

After the Tenth Circuit's holding in *Haddock*, the Social Security Administration promulgated Social Security Ruling 00-4p and further clarified the ALJ's affirmative responsibility to ask about conflicts as follows:

> The Responsibility to Ask About Conflicts
>
> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
>> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>>
>> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> Explaining the Resolution
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, 2000 WL 1898704, at *4. Thus, when an ALJ chooses to elicit VE testimony at steps 4 and 5, the ALJ's responsibility is threefold. First, she has an affirmative responsibility to ask about any possible conflicts between the VE evidence and the information provided in the DOT. Second, if there is an apparent unresolved conflict, the ALJ must elicit a reasonable explanation. Third, the ALJ must explain in her determination how she resolved the conflict.

That aside, even if the ALJ had limited Ms. Martinez to simple, routine, repetitive work with no further restrictions, Tenth Circuit case law has not established a bright line rule that simple, routine, repetitive work is *always* consistent with reasoning level-2 jobs. *See Hackett*, 395 F.3d at 1176 (explaining that level-two reasoning jobs *appears* to be more consistent with the ability to do simple and routine work tasks); *Paulek*, 662 F. App'x at 594 (remanding so Commissioner could "elicit a reasonable explanation as how [claimant could] perform two level-three-reasoning jobs with a limitation to carrying out simple instructions" and citing Eighth Circuit case law wherein that court had held that a limitation to simple instructions was inconsistent with both level-2 and level-3 reasoning); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished) (rejecting claimant's argument to strictly construe a "limitation to simple, repetitive, and routine work" as a restriction solely to jobs with a level-1 reasoning requirement). Moreover, case law relied upon by Plaintiff and cited by this Court in its Memorandum Opinion and Order underscores that in the absence of a bright line rule, there are circumstances in which the ALJ has an affirmative responsibility to ask about any possible conflicts and explain the apparent discrepancy. Such is the case here where the ALJ limited Ms. Martinez's ability to do work-related mental activities to less than unskilled work.

For the foregoing reasons, the Court finds that the Commissioner's position was not substantially justified and that the case law is clear that further inquiry was warranted into whether Ms. Martinez's limitation to simple, routine, and repetitive work and occasional work-related decision-making is consistent with reasoning level-2 jobs.

**IT IS THEREFORE ORDERED** that the Commissioner's Objections to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **GRANTED** and Ms. Martinez is awarded $8,702.30[8] in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  *See Astrue v. Ratliff*, 560 U.S. 586, 591-93, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that if Ms. Martinez's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Ms. Martinez's counsel shall refund the smaller award to Ms. Martinez pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[8] This amount includes Plaintiff's counsel's time for replying to Defendant's objections.  Doc. 43 at 3.